## Bright v. Ford Motor Co.
*[Cite as 6 AOA 15]*

*Case No. CA-11883*
*Montgomery County, (2nd)*
*Decided August 29, 1990*

*Gerald L. Turner and Canice J. Fogarty, 18 West First Street, P.O. Box 1283, Mid-City Station, Dayton, Ohio 45402-9783, for Plaintiffs-Appellants.*

*Thomas L. Czechowski, 205 East First Street, Dayton, Ohio 45402, for Ford Motor Company, Defendant-Appellee.*

*Robert Burke, P. O. Box 1488, Second Floor, BancOhio Bldg., Springfield, Ohio 45501, for Defendant-Appellee, Beau Townsend Ford.*

*Lee Parrish, Second National Bank of Hamilton, First National Bank Building, Hamilton, Ohio, 45012-0747, for Defendant-Appellee, Second National Bank of Hamilton.*

WOLFF, P.J.

Appellants are plaintiffs in a personal injury action arising out of a single car accident involving an automobile manufactured by defendant-appellee Ford Motor Company. After the trial court

entered an order forbidding their two experts on causation to testify, plaintiffs stipulated that they would be unable to establish proximate cause. Thereafter, the trial court entered summary judgment against plaintiffs and in favor of all defendants-appellees, from which plaintiffs have appealed, advancing a single assignment of error:

"The Trial Court erred to the substantial prejudice of Appellants when awarding the Appellees a summary judgment which was predicated upon and the direct result of the erroneous Decision and Entry of the Court dated October 20, 1989 excluding Appellants' expert testimony."

The trial court entered a protective order October 27, 1988, upon Ford's motion, that provided in pertinent part that:

"the Ford Lincoln Mercury Cougar...be maintained in its present condition until the parties agree in writing as to how, to what extent and by whom any destructive testing of the vehicle or any part thereon is to be accomplished or the further order of the Court;"

Subsequent to the entry of this order, the parties conducted a mutual inspection of the automobile and the alleged defect - the -left front wheel assembly - at plaintiffs' garage, where the automobile was stored. The removed parts were put into the possession of plaintiffs' counsel. In June, 1989, Ford moved for and obtained an order compelling plaintiffs to turn over the parts for non-destructive testing. Plaintiffs' counsel thereafter made a deliberate decision to have their experts degrease, clean, and inspect the parts before turning them over to Ford, which was done. Upon discovering the parts had been degreased and cleaned, Ford moved, *inter alia,* for dismissal, pursuant to Civ. R. 37(B) (2) and 41(B)(1). Ford claimed that "Plaintiffs' alteration of the condition of the vehicle parts... deprive(d it) of potentially significant evidence." Defendant Beau Townsend Ford joined in this motion. After an evidentiary hearing, the trial court entered the following order October 20, 1989:

"Pursuant to Defendant Ford Motor Company and Beau Townsend Fords' Motion for Sanctions, the Court concludes after hearing that the plaintiffs and their experts did violate the protective order issued by this Court by cleaning and degreasing the left front spindle and the related components i.e., bearings, dust caps, grease seals, retaining nut, washer, cotter pin, etc. so that defendants experts were deprived of a laboratory inspection and being able to photograph the parts under laboratory conditions in their original condition.

"The Court concludes that both sides could have inspected, measured, and photographed the parts at the same time or one after the other before they were cleaned, but plaintiff photographed the spindle and cleaned and degreased all the parts before defendant got possession of them.

"The Court concludes that both of the plaintiffs' experts should be and hereby are prohibited from testifying with regard to the adjustment of the hub on the spindle (looseness or tightness-end play or lack thereof)."

The practical effect of this order was to eviscerate plaintiffs' case.

We are satisfied that the trial court possessed the authority to both make the protective order of October 27, 1988, and to impose the sanction that it did for its violation. We are not satisfied, however, that the trial court acted reasonably in imposing this drastic sanction, notwithstanding its authority to do so, given only the evidence that was properly before it.

Sanctions must be just. Civ. R. 37(B) (2). Accordingly, a sanction which in effect puts a party out of court must be based on demonstrable prejudice to the opposing party. Attempting to quantify the requisite level of prejudice is difficult. The Supreme Judicial Court of Massachusetts discusses the problem in *Nally v. Volkswagen of America, Inc.* (1989), 405 Mass. 191; 539 N.E. 2d 1017. *Nally* also involved a trial court order forbidding the testimony of an expert who had "spoliated" evidence. The court utilized a criminal law analogy to the effect that a defendant would be entitled to relief where potentially exculpatory evidence was lost or destroyed, and the defendant could establish "'a reasonable possibility, based on concrete evidence rather than a fertile imagination' that access to the (evidence) would have produced evidence favorable to his cause." pp. 196-7; 1020-21.

We have looked to *Nally* for guidance for two reasons. There is little other authority on the subject, and both sides in this controversy have cited it to us as instructive.

Utilizing the *Nally* approach, we think a workable formulation of prejudice for purposes of this case is: a reasonability possibility, based on concrete evidence, that access to the parts prior to degreasing or cleaning would have produced evidence favorable to Ford Motor Company or Beau Townsend Ford, which was not otherwise obtainable.

We find the trial court's order excluding plaintiffs' expert testimony troubling for two reasons. We cannot be sure that the trial court

determined that there was a reasonable possibility that access to the unaltered parts would have produced evidence favorable to Ford Motor Company or to Beau Townsend Ford that was not otherwise obtainable. Even if the trial court so determined, we cannot be sure that it did so on the only that was *properly* before it, i.e. the testimony of plaintiffs' expert, Jack Schoenberger. After the evidentiary hearing but prior to ruling, the trial court said it would read the deposition of a defense expert, Tom Shaw, which had been properly objected to as untimely filed. Schoenberger's testimony, standing alone, does not necessarily establish that the appellees were prejudiced within the meaning of *Nally*.

Accordingly, the summary judgment will be reversed and this case will be remanded for further proceedings consistent with this opinion.

A question may arise on remand as to which side has the burden of persuasion. The plaintiffs, through their counsel, wilfully violated the protective order and destroyed evidence. Accordingly, we think that defendants should enjoy a presumption that they were prejudiced, and that plaintiffs should have the burden of persuading the trial court that they were not, i.e. that there is no reasonable possibility that lack of access to the unaltered parts deprived Ford Motor Company and Beau Townsend Ford of favorable evidence not otherwise obtainable.

The defendants should enjoy a rebuttable presumption of prejudice for this reason. If, as a consequence of the destruction or spoliation of evidence in wilful violation of a court order, it has become impossible for either party to meet the burden of persuasion concerning:

(a) the proposition that the innocent party has been prejudiced as a result of the destruction or spoliation; or,

(b) the converse of that proposition, then the party who has destroyed the evidence, as the wrongdoer, must suffer the presumption that his wrongful act was prejudicial to the innocent party's prosecution or defense of the action.

It would be manifestly unjust, under such circumstances, to saddle the innocent party with a burden of persuasion that he may have been prevented from satisfying as a result of the other party's wrongdoing.

The assignment of error is sustained. The judgment will be reversed and the case will be remanded.

FAIN, J., concurs.

GRADY, J., concurring in judgment only.

I agree with the majority that the judgment of the trial court should be reversed and that the case should be remanded for further proceedings. However, I believe that upon remand the burden of proof should be upon the Defendants, not the Plaintiffs as the majority has held. My reasons are three-fold.

First, it is fundamental that the burden of proving any proposition is on the proponent thereof, and the rule is no different because we are dealing with an apparent violation court order of discovery. The majority would allow a press of prejudice because of that violation. However, prejudice question of fact and cannot be presumed, even when an order been violated. As Defendants have proposed the sanctions, should have the burden of proof concerning them.

Second, placing the burden of proof or persuasion upon Plaintiffs against whom the motion is made effectively require that they prove a negative, that is, that their opponent has not been prejudiced. Proof of a negative is almost always impossible, and in this case it would require that Plaintiff be aware of their opponent's case strategy in order to show that it has not been unduly impaired. It is doubtful that any party in a contested action can meet a burden of that kind.

Third, the approach misconstrues the nature and purpose the relevant parts of Civ. R. 37(B) (2). The court is authorized by the Rule to make "just" orders concerning failures to permit or provide discovery. Subsections (a), (b) and (c) allow t court to order matters established, strike evidence, or otherwise make orders limiting the right of a party to offer proof in support of his case. Their purpose is remedial; to eliminate the prejudicial effect of the failure of discovery by restoring the balance that failure has denied the proceedings. Their purpose is not punitive. Punishment for misconduct may be imposed court under the provisions of subparagraph (d) of the Rule inherent powers of the court. In the case before us the trial court erred in employing remedial sanctions for punitive purposes, and did so without a finding of prejudice necessary to show that remedial sanctions were required. The direction followed by the majority would continue that error.

For the foregoing reasons, I believe that the burden of proof or persuasion upon remand must be upon Defendants-Appellees Ford Motor Company, et al. Stated simply, that burden is to show that:

(1) Plaintiffs wilfully violated an order of the court to permit or provide discovery;

(2) the evidentiary matters denied Ford by reason of Plaintiffs' conduct constitute evidence relevant to one or more determinative issues of the case; and,

(3) Ford has been prejudiced in its ability to prosecute or defend on that determinative issue or issues by reason of the misconduct of Plaintiffs.

Upon that showing, which may be by a preponderance of the evidence, the court may properly act under Civ. R. 37(B)(2) to exclude evidence. Absent such a showing, the court should not restrict the proof to be provided in support of the pleadings before it. The court may yet employ the relief provided in subsection (d) of the Rule, that is, to treat Plaintiffs' action as a contempt of court and to order appropriate punishment therefor in the form of a fine.

I would remand the case to the trial court with instructionsto follow the foregoing analysis.