GETTER, Appellant,

v.

GETTER, Appellee.

[Cite as *Getter v. Getter* (1993), 90 Ohio App.3d 1.]

Court of Appeals of Ohio,
Montgomery County.

No. 13344.

Decided Aug. 17, 1993.

---

*Martin L. Molloy,* for appellant.

*Mary Katherine Huffman,* for appellee.

---

GRADY, Presiding Judge.

Richard L. Getter appeals from a judgment and decree of divorce. He argues that the trial court abused its discretion when it limited his evidence and proof, pursuant to Civ.R. 37, for failure to obey a discovery order. He also argues that the court abused its discretion when it ordered him to pay spousal support to Hazel Getter and failed to account for his interests in the marital residence property and in Hazel Getter's retirement account. Richard Getter's four assignments of error are set out below.

We find no abuse of discretion in the orders concerning spousal support. We find that the trial court's sanctions for discovery failures were overly broad and an abuse of discretion. The orders concerning division of the marital real property and the retirement account will be reversed and the cause will be remanded for further proceedings on those issues.

### Assignment of Error No. I

"The court imposed sanctions on the plaintiff as a punitive measure and denied him the right to defend this action."

Hazel L. Rita Getter had subpoenaed records concerning Richard Getter's tree service business, including check registers, contracts, accounts receivable ledgers, and the like, in pretrial depositions. Richard failed to produce them. Hazel also

subpoenaed them from Richard for trial. Richard also failed to produce them for trial.

The matter proceeded to trial, and at the conclusion of the first day of trial, the court ordered Richard to appear for a second deposition and to produce the business records requested. This order specifically warned Richard that failure to comply with the court's discovery order could result in sanctions, including a fine and jail sentence, partial or complete default judgment, restrictions upon Richard's presentation of evidence, or dismissal of claims.

Richard moved to be excused from the court's order, arguing that the records were missing from his home where they had been kept. The court overruled Richard's motion, holding that there were other available sources from which Richard could obtain copies of the records.

A second deposition of Richard Getter was held on August 13, 1991. Richard failed at that time to produce the business records the trial court had ordered disclosed. Accordingly, Hazel moved for sanctions against Richard for his failure to comply with court-ordered discovery.

At the second day of trial, September 20, 1991, the court took up the issue of Richard's failure to comply with the court's discovery orders. Richard testified that the business records came up missing from his home. Hazel testified that in discussing the whereabouts of the business records Richard told her that he would see to it that she did not find them and that without the records Hazel would get nothing. Richard denied making such statements, and reiterated that the checkbook registers and account ledgers were missing from his home.

The trial court found Richard in contempt for failing to provide the business records. The court specifically found that Richard's testimony lacked credibility. The court gave Richard until October 30, 1991 to provide the business records to Hazel. The court specifically warned Richard that if he did not comply with the court's discovery order, the court would dismiss his complaint for divorce, proceed solely upon Hazel's counterclaim, and prohibit him from presenting any evidence, exhibits, or testimony, deciding the case solely upon Hazel's evidence. Another similar warning was issued to Richard via an entry filed by the court on November 14, 1991.

On December 3, 1991, the matter came before the court for the third day of trial. Once again, the court took up the question of Richard's compliance with the court's discovery orders. Richard had finally produced the business records the day before, saying that he found them in his home. The trial court held that his actions did not satisfactorily comply with its discovery orders. Accordingly, the court dismissed Richard's complaint for divorce, struck from the record all of Richard's testimony, exhibits and evidence except that which Hazel asked to be

preserved, prohibited Richard from presenting any further evidence, and proceeded solely upon Hazel's counterclaim. Richard's counsel was allowed to participate fully in the proceedings and to cross-examine Hazel's witnesses.

Civ.R. 37(B)(2) controls the imposition of sanctions for failure to comply with the court's discovery orders. Pursuant to subsections (a), (b), and (c), the trial court has the discretion to order matters established, to strike evidence or pleadings, or otherwise to limit the right of a party to offer proof in support of his case, as a sanction for failure to provide discovery. *Bright v. Ford Motor Co.* (1990), 63 Ohio App.3d 256, 261, 578 N.E.2d 547, 550 (Grady, J., concurring in judgment only). While the court's discretion in such matters is very broad, it is not unbridled. The court's orders under Civ.R. 37(B)(2) must be "just," and those orders are reviewable for an abuse of discretion. *Bright v. Ford Motor Co.,* *supra.*

The record demonstrates that Richard's failure to comply with the trial court's discovery orders was willful and in bad faith and that the trial court had specifically and repeatedly warned Richard about the sanctions it could and would impose for noncompliance with its discovery orders. On the evidence presented, the trial court concluded that Richard was not truthful when he claimed the records were not in his possession. Where the record contains competent, credible evidence to support the trial court's conclusions, we must give deference to those conclusions. *Myers v. Garson* (1993), 66 Ohio St.3d 610, 614, 614 N.E.2d 742, 745. The trial court was authorized to impose sanctions in this case for failure to comply with its discovery orders. Civ.R. 37(B)(2).

While we find no abuse of discretion in the decision to impose sanctions, we find that the sanctions imposed failed, in several respects, to meet the requirement of Civ.R. 37 that they be "just."

The discovery rules are designed to permit a party to obtain evidence to prove or disprove the determinative issues in the case. The purpose of the sanctions authorized by Civ.R. 37 is to remedy prejudice created by the failure to provide discovery, not to punish for that failure. Therefore, the sanction imposed must be limited to the scope of that prejudice and be proportionate to it.

If the sanction excludes a party's claims or defenses or the evidence he would use to prove them or to oppose those of the other party, it must be based on a failure of discovery that impairs his opponent's capacity to prove or resist such matters through the discovery he has been denied. See *Ward v. Hester* (1973), 36 Ohio St.2d 38, 65 O.O.2d 181, 303 N.E.2d 861. See, also, *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee* (1982), 456 U.S. 694, 707–709, 102 S.Ct. 2099, 2106–08, 72 L.Ed.2d 492, 504–506 (construing Fed.R.Civ.P.

37[b][2], which is nearly identical to the Ohio rule). If, however, the sanction excludes evidence or claims unrelated to the requested discovery, then the sanction becomes overbroad, unjust, and punitive.

The business records Richard failed to produce are probative of his business assets and income. To the extent that the trial court's sanction for failure to provide this discovery struck all evidence and claims presented by Richard related to his income, and prevented him from introducing any further evidence on this issue, the court acted within its discretion. To the extent that the trial court's sanction excluded any and all evidence and claims presented or offered by Richard regarding issues which are unrelated to the amount of his income, including his premarital interest in the marital residence at 3820 South Union Road and Hazel Getter's pension, the trial court's order was overbroad, punitive, and unjust, and constitutes an abuse of discretion. The consequences of that error are discussed below.

This assignment of error is overruled in part and sustained in part.

### Assignment of Error No. II

"The trial court abused its discretion in its allocation of the real property of the parties."

Marital property, as defined in R.C. 3105.171(A)(3)(a), is to be divided equally, unless such a division would be inequitable; in that case the property must be divided in an equitable manner. R.C. 3105.171(C)(1). Equity is the guidepost in dividing the marital assets of the parties in a divorce action. *Zimmie v. Zimmie* (1984), 11 Ohio St.3d 94, 11 OBR 396, 464 N.E.2d 142.

Marital property does not include separate property. R.C. 3105.171(A)(3)(b). "Separate property" is defined as including: "Any real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage." R.C. 3105.171(A)(6)(a)(ii). A spouse's separate property should be awarded to that spouse. R.C. 3105.171(D).

The trial court may equitably divide marital property either by allocation or by an order of sale. R.C. 3105.171(J)(2). Domestic relations courts have great latitude in fashioning equitable divisions of property, and a reviewing court cannot disturb such determinations unless, considering the totality of the circumstances, the trial court abused its discretion. *Zimmie v. Zimmie, supra; Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 67, 554 N.E.2d 83, 86.

In applying an "abuse of discretion" standard, a reviewing court cannot merely substitute its judgment for that of the trial court, but must be guided by the presumption that the trial court's findings are correct. *Focke v. Focke* (1992), 83 Ohio App.3d 552, 555, 615 N.E.2d 327, 328. Moreover, an "abuse of discre-

tion" involves *more* than just an error of law or an error in judgment; it implies an arbitrary, unreasonable, or unconscionable attitude on the part of the trial court. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1141.

Richard and Hazel Getter owned four parcels of real property at the time of their divorce: one on South Padre Island, Texas; one on Farmersville–West Carrollton Road; a marital residence at 3820 South Union Road; and a forty-acre parcel adjoining the marital residence. The trial court found that each parcel was marital property. It ordered all four parcels sold and the net proceeds divided equally between the parties.

The trial court's order concerning three of the parcels is consistent with the evidence presented at trial. The record demonstrates that the properties located on South Padre Island, Texas, the Farmersville–West Carrollton Road property, and the forty acres adjoining the marital residence at 3820 South Union Road were purchased during marriage. Accordingly, these parcels of real estate constitute marital property. See R.C. 3105.171(A)(3)(a). We find nothing in this record to support the argument that the trial court's order that these three parcels of real estate be sold and the net profits divided equally between the parties is inequitable and an abuse of discretion.

With respect to the fourth parcel of real estate, the marital residence located at 3820 South Union Road, we must reach a different conclusion. Preliminarily, we note that Richard's failure to provide discovery of the records of his tree service business did not prejudice Hazel's claims concerning the marital residence, her ability to prove them, or her ability to resist Richard's claims in the matter. Therefore, as found in the first assignment of error, the trial court abused its discretion when it struck the testimony and evidence concerning ownership of the marital residence that Richard had presented. As his evidence is preserved, we may consider it in determining this assignment of error.

Richard testified that he purchased the marital residence property for $15,000 on land contract from his mother and father, who conveyed this property to Richard in 1963, four years prior to his marriage to Hazel. Richard testified that this property has been in his family since the 1800s. At the time of his marriage to Hazel in 1967, Richard owed $11,200 on this property, an amount that was paid in full from marital assets. Furthermore, substantial repairs and improvements were made to this property during the parties' marriage from marital assets. Richard estimated that this property had a premarital value of $25,000.

According to Hazel, the property at 3820 South Union Road was not "owned" by Richard prior to their marriage. However, Hazel did acknowledge at trial

that this property was conveyed by deed to Richard by his mother and father in 1963, four years before their marriage.

The evidence unquestionably demonstrates that Richard Getter had an interest in the property at 3820 South Union Road that he acquired prior to his marriage to Hazel. Richard was entitled to receive reasonable compensation for that premarital interest in this property. The trial court's distributive order that this property be sold and the net proceeds divided *equally* between the parties fails to recognize and reasonably compensate Richard for his premarital interest, and to that limited extent the trial court's order constitutes an abuse of discretion.

This assignment of error is sustained with respect to the court's orders concerning division of the parcel of real estate located at 3820 South Union Road. It is overruled otherwise.

### Assignment of Error No. III

"The court did abuse its discretion in making a spousal support award."

Richard argues that the trial court abused its discretion in awarding Hazel spousal support in the amount of $750 per month.

In *Hart v. Hart* (Oct. 26, 1992), Montgomery App. No. 13147, unreported, 1992 WL 303077 we observed:

"The courts of common pleas have wide latitude in determining the appropriateness as well as the amount of spousal support. *Bolinger v. Bolinger* (1990), 49 Ohio St.3d 120 [551 N.E.2d 157]. The court's discretion is limited and guided by the relevant factors in R.C. 3105.18(C). The decision of the trial court will not be reversed absent an abuse of discretion."

According to Richard, the award of spousal support to Hazel was unjustified because the parties have nearly equal incomes. Based on the evidence presented, the trial court found otherwise. According to Hazel, Richard makes $50,000 to $75,000 per year, plus $480 to $490 per month in social security benefits. Hazel testified that her gross annual salary is $10,000 to $11,000 per year.

The trial court found that Richard has a net annual income from his tree service business of $16,000, which includes gross receipts of $60,000 less ordinary business expenses. The court further found that Richard receives $5,800 annually from social security benefits.

The court found that Hazel's gross annual income is $11,000 per year and that her necessary living expenses are $26,000 per year. Hazel's evidence supports these findings.

In awarding spousal support the trial court specifically noted that it had considered the factors set forth in R.C. 3105.18(C)(1). A substantial disparity in

the parties' incomes is an important factor to consider under the statute in determining the appropriateness and amount of spousal support. In determining the amount of the parties' incomes, the credibility of the witnesses and the weight to be given to their testimony were matters for the trial court, as the trier of fact, to determine. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212. Where, as here, there is competent, credible evidence in the record to support the trial court's findings, a reviewing court must give deference to those findings. *Myers v. Garson, supra,* 66 Ohio St.3d 610, 614, 614 N.E.2d 742, 745.

Further, we note that Richard's willful failure to provide court-ordered discovery impeded Hazel in proving the amount of Richard's income, which is a necessary factor to consider under R.C. 3105.18. Therefore, the trial court acted within its discretion in excluding Richard's evidence as to the amount of his income as a sanction for his failure to provide court-ordered discovery. Civ.R. 37(B)(2).

On this record we see no arbitrary, unreasonable or unconscionable attitude on the part of the trial court and no abuse of discretion in awarding spousal support to Hazel.

This assignment of error is overruled.

### Assignment of Error No. IV

"The trial court erred in not valuing defendant's retirement program."

 Retirement benefits acquired by either spouse during the marriage constitutes "marital property," which must be equitably divided between the parties in a divorce action. R.C. 3105.171(A)(3)(a)(i) and (ii), (B) and (C)(1); *Holcomb v. Holcomb* (1989), 44 Ohio St.3d 128, 541 N.E.2d 597; *Younkman v. Younkman* (Aug. 15, 1990), Montgomery App. No. 11589, unreported, 1990 WL 119291; *Berry v. Berry* (Oct. 21, 1991), Montgomery App. No. 12657, unreported, 1991 WL 229974. However, premarital deposits by a spouse into a retirement account as well as the subsequent appreciation on those premarital deposits constitute separate property, which the trial court need not divide. R.C. 3105.-171(A)(3)(b), (A)(4) and (A)(6)(a)(ii) and (iii); *Berry v. Berry, supra.*

At the time of trial the parties had been married for twenty-four years. Hazel Getter testified that she is employed by the Dayton Public School System and was so employed for eight years during the marriage. Hazel contributes to the School Employees Retirement System. As of June 30, 1990, Hazel had $4,301 in that retirement account, and as of June 30, 1991, Hazel had over $5,000 in that account.

**10**

The evidence demonstrates that Hazel's retirement account constitutes marital property as defined by R.C. 3105.171. Accordingly, the trial court was required to equitably divide that property. The trial court refused to do so, apparently because it refused to find a current value for Hazel's retirement account. This may have resulted from the sanctions imposed on Richard for failure to provide discovery, or Hazel may simply have failed to provide such proof. In any case, we conclude that the trial court's refusal to equitably divide this marital property constitutes error where, as here, the record contains evidence of the existence and value of that retirement account.

This assignment of error is sustained.

The judgment of the trial court will be affirmed, except as to the division of the real property at 3820 South Union Road and of Hazel Getter's retirement account. The judgment as to those matters is reversed and the cause is remanded for further proceedings.

*Judgment accordingly.*

BROGAN and FREDERICK N. YOUNG, JJ., concur.