OPINION
Appellant Karen Rice is appealing the imposition of sanctions, by the Stark County Court of Common Pleas, for failing to comply with discovery requests. The following facts give rise to this appeal.
In September of 1994, Appellee National Fleet Service hired Appellant Karen Rice to work as a field technician and office person. Appellant alleges she was constructively discharged in November of 1994, as a result of sexual harassment she endured while employed at Appellee National Fleet Service. As a result of this alleged harassment, appellant filed a complaint, with the Ohio Civil Rights Commission, on December 9, 1994. Upon review of appellant's complaint, the Commission made a no probable cause determination.
On June 14, 1995, appellant filed an action in the United States District Court. The court subsequently dismissed appellant's complaint for failure to comply with statutory prerequisites. On September 9, 1996, appellant filed this action in the Stark County Court of Common Pleas. In her complaint, appellant sets forth claims of sexual discrimination, intentional infliction of emotional distress and assault. Appellant later dismissed the intentional infliction of emotional distress claim and the trial court dismissed the assault claim. The only issue remaining for trial concerned appellant's claim of sexual discrimination in employment.
At the depositions, appellees first learned of the existence of tape recordings appellant made while still employed at National Fleet Service. Appellees, through discovery, attempted to obtain a copy of these tape recordings. Appellees made three written requests for production of documents pursuant to Civ.R. 26(B) and Civ.R. 34(A). Appellees also requested a copy of the tape recordings, at the deposition, when they first discovered the existence of these tape recordings. Appellee National Fleet Service also made two informal written requests for production, in letters from Attorney Martin Chapman, to Attorney Edward Gilbert.
Finally, on March 3, 1997, Attorney Gilbert sent a letter to Attorney Chapman notifying him that a copy of the tapes had been completed and requested reimbursement of $10.58. On March 4, 1997, Attorney Chapman sent a check to Attorney Gilbert and a note requesting the tapes. On March 9, 1997, Attorney Chapman received one tape, approximately fifteen minutes in length, containing excerpts of conversations between Appellant Karen Rice, Appellee Jack Nichols and some other people. Neither Attorney Chapman nor co-counsel, Attorney Stanley Rubin, ever received any other tape recordings.
The trial of this matter commenced on January 26, 1998. During cross-examination of Appellee Jack Nichols, Attorney Gilbert attempted to introduce, into evidence, a one-hundred and forty page transcript of tape recordings which were never provided to appellees' counsel. It was further discovered, at trial, that five tape recordings exist, with five hours of conversation Appellant Karen Rice tape recorded. Finally, Attorney Gilbert sought to show the jury a video tape, with enhanced audio portions of excerpts of taped conversations, which appellees' counsel had neither seen nor heard.
Appellees' counsel objected to the introduction of this evidence. The trial court ordered appellees' counsel to review the tape recordings and the transcript and appear in court the next day to address this issue. At the hearing, the trial court determined Attorney Gilbert willfully violated the rules of discovery. As a result, the trial court declared a mistrial and scheduled a hearing on sanctions and attorney fees for March 10, 1998. At this hearing, the trial court ordered appellees' counsel to produce expert testimony regarding the reasonableness of attorney fees and scheduled another hearing for April 3, 1998.
On this date, appellees' counsel presented the expert testimony of Attorney Lee Plakas. Attorney Plakas testified that the fee statement presented to the trial court was reasonable. The trial court awarded attorney fees, in the amount to $1,662.50 to Attorney Rubin and $1,687.50 to Attorney Chapman. Appellant timely filed her notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE LOWER COURT ERRED ERRED (SIC) IS (SIC) DETERMINING THAT EDWARD L. GILBERT WILLFULLY VIOLATED DISCOVERY RULES.
 II. THE LOWER COURT ERRED IN ORDERING SANCTIONS AGAINST ATTORNEY EDWARD L. GILBERT.
 III. THE LOWER COURT ERRED IN CONCLUDING THAT THE FEES AWARDED TO ATTORNEY MARTIN CHAPMAN AND ATTORNEY STANELY (SIC) RUBIN WERE REASONABLE.
 I, II
We will address appellant's first and second assignments of error simultaneously. Appellant maintains, in her first assignment of error, the trial court erred when it determined Attorney Gilbert willfully violated the rules of discovery. In her second assignment of error, appellant contends the trial court erred when it ordered sanctions against Attorney Gilbert. We disagree with both assignments of error.
The rules of discovery are designed to permit a party to obtain evidence to prove or disprove the determinative issues in the case. Getter v. Getter (1993), 90 Ohio App.3d 1, 5. The failure to comply with discovery orders is governed by Civ.R. 37. Pursuant to Civ.R. 37(B)(2)(a),(b) and (c), for failure to provide discovery, the trial court has the discretion to order matters established, to strike evidence or pleadings, or otherwise to limit the right of a party to offer proof in support of his or her case. Bright v. Ford Motor Co. (1990), 63 Ohio App.3d 256, 261.
"The purpose of the sanctions authorized by Civ.R. 37 is to remedy prejudice created by the failure to provide discovery, not to punish for that failure." Getter at 5. Thus, the sanction imposed must be limited to the scope of that prejudice and be proportionate to it. Id. The court explained this proportionality requirement, in Getter, as follows:
 If the sanction excludes a party's claims or defenses or the evidence he would use to prove them or to oppose those of the other party, it must be based on a failure of discovery that impairs his opponent's capacity to prove or resist such matters through the discovery he has been denied. [Citations omitted.] If, however, the sanction excludes evidence or claims unrelated to the requested discovery, then the sanction becomes overbroad, unjust, and punitive. Id. at 5-6.
In fashioning a sanction for a discovery rule violation, the trial court must impose the least severe sanction that is consistent with the purpose of the rules of discovery. City ofLakewood v. Papadelis (1987), 32 Ohio St.3d 1, paragraph two of the syllabus. The trial court has broad discretion in fashioning a sanction for a discovery violation. Toney v. Berkemer (1983),6 Ohio St.3d 455, 458. Therefore, as a reviewing court, we will not reverse the trial court's decision absent an abuse of discretion. This connotes more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. It is based upon this standard that we review appellant's first two assignments of error.
Appellant first maintains the trial court erred when it determined Attorney Gilbert willfully violated discovery rules. In support of this argument, appellant maintains the trial court failed to review all the evidence prior to sanctioning appellant. Specifically, appellant contends the trial court should have permitted Gary Whidden to testify, the person who transcribed the tapes for appellees. Appellant also maintains the trial court should have listened to all the tapes before deciding to sanction appellant because it was not possible for the trial court to conclude that Attorney Gilbert willfully violated the discovery rules without first hearing Whidden's testimony and listening to the tapes.
Although the trial court did not listen to all five cassette tapes, in the possession of Attorney Gilbert, and compare those tapes with the one, fifteen minute tape, in the possession of Attorney Chapman, this does not render the trial court's decision an abuse of discretion. Attorney Chapman listened to the five cassette tapes and represented to the trial court that the tape in his possession merely contained a small portion of what was contained on the tapes in Attorney Gilbert's possession. The tapes in Attorney Gilbert's possession contain five hours of conversations. Tr. Hrng. March 10, 1998, at 15-16. It was obvious appellees could not have all five hours of conversations on one, one-hundred and twenty minute cassette tape. The trial court did not have to listen to all of these tapes to reach this conclusion.
Further, we find the trial court did not have to permit Gary Whidden to testify before imposing any sanction. The trial court had before it the affidavit of Gary Whidden which it could consider. Gary Whidden claims, in his affidavit, that he copied all of the tapes, onto one full tape, which he gave to Attorney Gilbert. He further states that Attorney Gilbert never advised him not to make a full copy of the tapes. Affid. Gary Whidden, at 2. Despite Gary Whidden's affidavit, the record in this matter indicates appellees' counsel requested, on numerous occasions, a copy of tapes which appellant intended to introduce at trial. Under the rules of discovery, Attorney Gilbert had an obligation to comply with appellees' request and provide a complete copy of the taped conversations since he clearly intended to introduce these conversations, as evidence, at trial.
In her second assignment of error, appellant maintains the trial court erred when it ordered sanctions against Attorney Gilbert. We find the monetary sanction imposed by the trial court is proportionate to the scope of the prejudice caused by Attorney Gilbert's failure to provide all of the tape recordings to appellees. The trial court did not abuse its discretion when it imposed this sanction as it is consistent with the purpose of the rules of discovery.
Appellant's first and second assignments of error are overruled.
 III
Appellant contends, in her third assignment of error, the trial court erred in concluding the fees awarded to Attorneys Chapman and Rubin were reasonable. We disagree.
In support of their motion for sanctions, appellees called, as an expert witness, Attorney Lee Plakas. Attorney Plakas testified as to the reasonableness of attorney fees. Appellant claims Attorney Plakas is more experienced, than the attorneys for appellees, in this type of case and therefore, his fees would be higher. Appellant maintains the trial court's award of attorney fees are excessive because they are based upon the training, education and experience of Attorney Plakas.
We find the trial court did not abuse its discretion when it awarded attorney fees to Attorneys Chapman and Rubin. The trial court only awarded attorney fees for the time that was lost as a result of having to declare a mistrial. Tr. Hrng. April 3, 1998, at 40. Further, the trial court reduced Attorney Chapman's hourly rate to one hundred twenty-five dollars an hour and awarded fees of $1,687.50 as opposed to $5,337.50 requested by Attorney Chapman. It is clear the trial court reviewed this matter closely and only awarded sanctions to address appellant's conduct which resulted in a mistrial.
Appellant's third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, is hereby affirmed.
By: Wise, J., Gwin, P. J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.