Appellant-plaintiff, William Carruth, appeals from a divorce decree issued by the Medina County Court of Common Pleas. We affirm.
Mr. Carruth and Ms. Carruth were married in 1972 and had three children who are now emancipated. Mr. Carruth filed for a divorce on May 1, 1996. On December 10, 1996, the trial court issued a temporary order that indicated that both parties had access to the marital house. The order specified that Ms. Carruth had possession of the marital residence and was responsible for the items in the basement. At the time of the divorce proceedings, Mr. Carruth and Ms. Carruth were in their late forties. Mr. Carruth worked for Northern Ohio Regional Sewer District for approximately twenty years. His bi-weekly income was approximately $2,158, and his annual income was approximately $56,188. Mr. Carruth maintained a pension in the Public Employees Retirement System that was valued at $179,511. Ms. Carruth was diagnosed with multiple sclerosis in 1973 and had been unemployed since the birth of her first child in 1974. Ms. Carruth used a walker and a wheelchair, and she took medication to stabilize her medical condition.
As a youth, Mr. Carruth started to collect model train sets. He also inherited his father's train collection. After he married Ms. Carruth, Mr. Carruth opened and operated a hobby store that featured model trains. After some time, he closed the shop and stored the inventory stock in the basement of their house. Mr. Carruth also stored his personal collection in the basement of their house.
After a trial, the court issued a divorce decree on August 18, 1997. Mr. Carruth timely appeals and raises four assignments of error.
 ASSIGNMENT OF ERROR I The trial court erred in failing to determine and grant to [Mr. Carruth] the value of that part of his train collection which is [Mr. Carruth's] separate property.
Mr. Carruth contends that the trial court erred because it did not grant him the alleged $50,000 value of his personal train set collection. Specifically, he avers that his personal collection is his separate property. The trial court's factual findings indicate that Mr. Carruth's personal train set collection was his separate property. However, the trial court also noted that Ms. Carruth had testified that Mr. Carruth had taken his collection and that Mr. Carruth had testified that Ms. Carruth had taken his collection.
As an appellate court, we review a trial court's property division under an abuse of discretion standard. Cherry v.Cherry (1981), 66 Ohio St.2d 348, 355. Pursuant to R.C.3105.171(A)(3), personal property that is acquired during a marriage that is not separate property is marital property. According to R.C. 3105.171(A)(6)(a)(ii), personal property that is acquired by one spouse prior to the date of the marriage is separate property. R.C. 3105.171(C) and (D) provide that marital property is generally divided equally and that separate property is generally granted to the original owner. Nonetheless, R.C. 3105.171(C) allows for an unequal division of marital property when an equal division would be inequitable.
The trial court's entry indicates that Mr. Carruth's personal train collection was his separate property. In addition, it recognizes that Mr. Carruth testified that Ms. Carruth took the collection, that Ms. Carruth testified that Mr. Carruth took the collection, and that both parties had access to the marital residence, including the basement. The record reveals that Mr. Carruth frequented the marital house and basement, that Ms. Carruth suffered physical and mental conditions, and that Ms. Carruth took medication because of her multiple sclerosis. The trial court concluded that the trains remaining in the basement would be awarded to Mr. Carruth as his separate property. Based on the foregoing, we find that the trial court did not abuse its discretion by failing to grant Mr. Carruth the alleged $50,000 value of his personal train collection. Accordingly, Mr. Carruth's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II The court erred in failing to consider the debt incurred by [Mr. Carruth] during the pendency of the divorce case as marital debt.
During the pendency of the divorce proceedings, Mr. Carruth was required to pay $800 per month in temporary spousal support, approximately $960 per month for a first mortgage, and approximately $290 a month for a second mortgage. After deductions for taxes, pension, and insurance, Mr. Carruth's monthly income was approximately $3,182. Mr. Carruth contends that he was forced to incur a debt of $11,000 over the fourteen-month period that elapsed during the divorce proceedings to cover the court-ordered payments, credit card obligations, and personal expenses. He maintains that his payments toward credit card debt included debt incurred by and required to be paid by Ms. Carruth. He explained that he made such payments to maintain a good credit rating. Mr. Carruth avers that the trial court abused its discretion by not considering this $11,000 debt to be a marital debt. We disagree.
As an appellate court, we review a trial court's division of property under an abuse of discretion standard. Cherry v.Cherry, 66 Ohio St.2d at 355. In doing so, we consider whether the property division, as a whole, was an abuse of discretion. See Briganti v. Briganti (1984), 9 Ohio St.3d 220, 222. An appellate court must not disturb a property division unless it is unreasonable, arbitrary, or unconscionable so as to constitute an abuse of discretion. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. The Fourth District Court of Appeals has acknowledged the following:
 Surprisingly, the statute neither requires an equitable distribution of the debts of the parties, nor defines what constitutes the marital debts of the parties. The sole reference to debts occurs in [R.C. 3105.171](F)(4) where the statute requires the court, when making a property division, to consider various factors including the assets and liabilities of the parties.
Dotson v. Dotson (Dec. 29, 1992), Washington App. No. 91 CA 21, unreported, 1992 Ohio App. LEXIS 6800, at *12-13. The Twelfth District Court of Appeals has noted:
 [N]ot all debts incurred during a marriage are marital debts. Consequently, nonmarital debts belong to the party who incurred them, and therefore, marital property cannot be used to satisfy these debts.
Callahan v. Callahan (June 5, 1989), Warren App. No. 87-11-093, unreported, 1989 Ohio App. LEXIS 1988, at *5.
In the case at bar, the record reveals that Mr. Carruth made $4,316 per month before taxes, insurance, pension, and other deductions. In addition, Mr. Carruth testified that he was paying the expenses of an unidentified friend who was living with him in a rented trailer home. Mr. Carruth stated under oath that he was spending approximately $400 a month on gasoline for his vehicle. He complains that he had to incur new debt to meet the debt obligations of the old debt. The court found that after paying for spousal support, the mortgages, the car, and the minimum payments on the marital debt at the time of the divorce, he still should have $800 to $1,000 each month. Upon a review of the record, we do not find that the trial court abused its discretion by failing to designate the $11,000 debt that Mr. Carruth incurred over the fourteen-month period during the pendency of the divorce proceedings as a marital debt. Accordingly, Mr. Carruth's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III The court erred in granting [Ms. Carruth] spousal support of $1,750.00 for an indefinite period of time.
Mr. Carruth contends that the trial court abused its discretion by ordering Mr. Carruth to pay $1,750 per month to Ms. Carruth in spousal support for an indefinite amount of time once the marital house was sold. Mr. Carruth further propounds that Ms. Carruth should be required to apply for Social Security Disability benefits and that this potential source of income should have been considered by the trial court when it determined his spousal support obligation. Furthermore, Mr. Carruth maintains that the indefinite period of time for the spousal support is an abuse of discretion. He argues that spousal support should terminate when Ms. Carruth receives the portion of Mr. Carruth's pension benefit awarded as her share of the marital property. We disagree.
R.C. 3105.18 provides the factors that a trial court shall consider when determining the amount of spousal support. Trial courts maintain broad discretion in awarding spousal support.Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67; Bechtol v.Bechtol (1990), 49 Ohio St.3d 21, 24. In order for this court to overrule a trial court's award of spousal support, this court must find that the award was unreasonable, arbitrary, or unconscionable. Kenyon v. Kenyon (July 22, 1992), Summit App. No. 15426, unreported, at 3. "A substantial disparity in the parties' incomes is an important factor to consider under the statute in determining the appropriateness and amount of spousal support." Getter v. Getter (1993), 90 Ohio App.3d 1,8-9. An appellate court defers to a trial court's findings for spousal support when they are supported by competent, credible evidence in the record. Id. at 9. Trial courts should construct spousal support awards that are terminable upon a date certain in cases where each party has the ability to be self-supporting. Kunkle v. Kunkle, 51 Ohio St.3d at 68, citingKoepke v. Koepke (1983), 12 Ohio App.3d 80, 81. However, the Supreme Court of Ohio has described exceptions to the preference for terminable awards as follow:
 [E]xcept in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definite limit upon the parties' rights and responsibilities.
(Emphasis added.) Kunkle v. Kunkle, 51 Ohio St.3d at paragraph one of the syllabus.
As noted above, Ms. Carruth has been unemployed because she suffers from multiple sclerosis, and Mr. Carruth has worked for Northern Ohio Sewer District for approximately twenty years and currently earns $2,158 bi-weekly. Both Mr. Carruth and Ms. Carruth are in their late forties. The Carruths were married for twenty-five years. Based on the foregoing, we find that the trial court did not abuse its discretion by granting $1,750 per month to Ms. Carruth in spousal support for an indefinite term. Mr. Carruth's third assignment of error is overruled.
 ASSIGNMENT OF ERROR IV The court erred in requiring [Mr. Carruth] to maintain life insurance in the sum of $100,000.00[,] exceeding the value of Ms. Carruth's interest in Mr. Carruth's pension.
Mr. Carruth contends that the trial court abused its discretion by requiring him to pay a premium for $100,000 worth of insurance coverage to protect Ms. Carruth's interest in Mr. Carruth's pension that amounted to approximately $90,000. Essentially, Mr. Carruth argues that the trial court abused its discretion by requiring him to pay a premium for an extra $10,000 worth of coverage. We disagree.
As noted above, an appellate court reviews a trial court's division of property in a divorce action under an abuse of discretion standard. Cherry v. Cherry, 66 Ohio St.2d at 355. Vested retirement benefits acquired by either spouse during the marriage generally are "marital property" and are equitably divided between the parties in a divorce action. R.C.3105.171(A)(3)(a)(i) and (ii); R.C. 3105.171(C)(1); Holcomb v.Holcomb (1989), 44 Ohio St.3d 128, syllabus.
Mr. Carruth has not demonstrated whether $10,000 worth of coverage would increase his annual insurance premium. Such a difference may not even be offered by his insurance company or may be de minimis. Accordingly, we do not find that the trial court abused its discretion in requiring Mr. Carruth to maintain an insurance policy for $100,000 despite Ms. Carruth's interest in his pension. Mr. Carruth's fourth assignment of error is overruled.
Mr. Carruth's four assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ----------------- LYNN C. SLABY FOR THE COURT
BAIRD, J., MILLIGAN, J., CONCUR