OPINION
This timely appeal arises from the judgment of the Columbiana County Court of Common Pleas directing Appellant to pay a portion of Appellee's attorney's fees in their divorce proceeding. For all of the following reasons, this Court affirms the judgment of the trial court.
For reasons which shall become readily apparent, the following relevant facts have been gleaned entirely from the trial court's November 24, 1998, Opinion and Judgment Entry. On November 7, 1997, after approximately seven years of marriage. Richard Lapsansky ("Appellee") filed a suit seeking a divorce from Kathleen Lapsansky ("Appellant"). The parties had no children. On December 4, 1997, Appellant, through counsel, answered the complaint. However, on March 3, 1998, Appellant discharged her counsel. On March 14, 1998, Appellant retained new counsel to represent her interests but discharged him on June 19, 1998.
Appellant retained yet another attorney to represent her in the divorce trial scheduled for November 10, 1998. The night before trial, Appellant, Appellee, and their respective counsel entered into a written separation agreement. However, the next morning Appellant disavowed the separation agreement and asserted that her counsel had coerced her into signing it. Appellant discharged her counsel and the trial proceeded as scheduled with Appellant acting pro se.
On November 24, 1998, the trial court issued its Opinion and Judgment Entry. The trial court awarded Appellant $21,373.00 in marital assets. Appellant was also awarded her wedding ring which Appellee had allegedly lost prior to the trial court's judgment. If the wedding ring was not found within sixty days of the judgment, Appellee was to pay Appellant an amount of $5,059.00 to reflect the ring's value. The Opinion and Judgment Entry also provided in relevant part as follows:
 "53.) The Court has received extensive evidence in this case and has reviewed numerous pleadings in this case. The Court finds that at no point was Defendant/Wife prevented from litigating her rights by any inability to pay attorney fees. Rather, this Court finds that this litigation was protracted by the Defendant/Wife's dissatisfaction with all legal counsel and her disavowance with a written separation agreement in settlement of the proceedings. The file in this case is replete with numerous pleadings filed by Defendant pro se that had little, if any, merit.
 "54.) It is herein the order of the Court that the Defendant/Wife shall pay to the Plaintiff/Husband, by way of deduction from the Wife's share of marital fund distribution, or payment for the bridal ring set, the sum of $3000 to apply toward Husband's legal fees. The Court believes these to be reasonable attorney fees and believes that this is a proper, equitable award."
It is this portion of the trial court's judgment which forms the basis for Appellant's pro se appeal. This Court must note that while we do traditionally grant a modest amount of procedural leeway to parties who are unrepresented by counsel, our review of this matter is burdened by Appellant's failure to set forth an assignment of error as required by App.R. 16 or to provide this Court with a transcript of the trial court proceedings or an acceptable alternative to a transcript as described in App.R. 9.
While there is no assignment of error contained anywhere in Appellant's `brief', it appears as if she is alleging that the trial court abused its discretion in awarding Appellee $3000.00 in attorney's fees.
The authority for a trial court to award attorney fees is found in R.C. § 3105.18(H). That statutory section provides in relevant part that:
 "* * * the court may award reasonable attorney's fees to either party at any stage of the proceedings * * * if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees."
The decision to award attorney fees is within the sound discretion of the trial court. Neel v. Neel (1996) 113 Ohio App.3d 24,34; Walker v. Walker (1996), 112 Ohio App.3d 90, 93;Godich v. Godich (September 15, 1995), Jefferson App. No. 94-J-57, unreported. Therefore, this Court will not reverse the judgment of the trial court awarding attorney fees unless the trial court abused that discretion. An abuse of discretion is more than an error of law or judgment; it connotes an attitude on the trial court's part that may only be described as unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983). 5 Ohio St.3d 217. In determining whether the trial court abused its discretion, an appellate court may not substitute its judgment as to factual or discretionary issues for that of the trial court. Cherry v. Cherry (1981), 66 Ohio St.2d 348. An appellate court must give deference to a trial court's finding when it is supported by competent, credible evidence. Getter v. Getter (1993). 90 Ohio App.3d 1, 9.
In awarding Appellee $3000.00 in partial attorney's fees, the trial court noted that:
 "53.) The Court has received extensive evidence in this case and has reviewed numerous pleadings in this case. The Court finds that at no point was Defendant/Wife prevented from litigating her rights by any inability to pay attorney fees. Rather, this Court finds that this litigation was protracted by the Defendant/Wife's dissatisfaction with all legal counsel and her disavowance with a written separation agreement in settlement of the proceedings."
(Opinion and Judgment Entry, November 24, 1998).
Appellant has highlighted no evidence in the record to contradict the trial court's findings or to support her allegation that the trial court abused its discretion in awarding Appellee partial attorney's fees. Indeed, Appellant's failure to provide a transcript of the lower court proceedings prevents this Court from examining the evidence supporting the trial court's judgment in that regard. As such, we have no choice but to presume the regularity and correctness of the proceedings below. Robbins v. Bennett (September 26, 1997), Mahoning App. No. 96 C.A. 77, unreported, citing, Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
For all of the foregoing reasons, this Court overrules Appellant's assignment of error and affirms the judgment of the Columbiana County Court of Common Pleas.
Vukovich, J., concurs, Cox, P.J., concurs.
 ______________________ CHERYL L. WAITE, JUDGE