I respectfully dissent from the majority's finding that the court abused its discretion by overruling Kortum's motion for a mistrial following the state's surprise discovery that the speed limit in the intersection was higher than previously disclosed.
It is axiomatic that "[t]he discovery rules are designed to permit a party to obtain evidence to prove or disprove the determinative issues in the case." Getter v. Getter (1993),90 Ohio App.3d 1, 5. The ability to discover the facts of one's case equally resides in each side. In the case at bar, Kortum's defense was solely based upon Marshall speeding through the intersection. The alleged speed limit of forty-five m.p.h. was thus clearly critical to Kortum's defense. Indeed, in opening statements, defense counsel told the jury that they would prove that the speed limit was forty-five m.p.h. and that Marshall was speeding over the posted speed limit.
Because her defense was solely based upon Marshall's speeding, Kortum should have investigated and/or verified the posted speed limit prior to trial or discovery. Having failed to do so, she should not be heard to cry foul now. Absent evidence that the state intentionally misled the defense regarding the posted speed limit, I see no reason to reverse the trial court's denial of Kortum's motion for a mistrial. I therefore dissent.