JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant, Katrina Penix, appeals from an order granting summary judgment to defendant-appellee, Avon Laundry Dry Cleaners ("Avon"). For the following reasons, we affirm.
 {¶ 2} Penix filed a complaint against Avon and its former employee, Stacy Green, on April 17, 2007.[1] Penix claimed that Avon was responsible for Green's assault against her under the doctrine of respondeat superior and that Avon was liable for negligently hiring and maintaining Green.
 {¶ 3} The facts giving rise to this complaint occurred on September 15, 2003. According to Penix, she was at the corner of East 18th and Superior Avenue in downtown Cleveland, waiting to cross East 18th Street. When the light turned red, she began to cross the street. She claims that Green, who was driving an Avon truck, ran the red light and almost hit her. Penix stated that she looked at Green and "gave her the finger." When she did, Green got out of the truck, "said some words," and then grabbed Penix by her hair, threw her to the ground, kicked her in her side and stomach, and also punched her in the eye.
 {¶ 4} The procedural history of this case, which is at the crux of this appeal, is as follows. *Page 4 
 {¶ 5} The trial court held a case management conference ("CMC") on October 1, 2007, with both parties present. Following the CMC, the trial court issued the following order:
 {¶ 6} "1. All discovery to be completed by 12/31/2007.
 {¶ 7} "2. All depositions for all witnesses to be used at trial shall be completed by not later than 1/17/2008.
 {¶ 8} "3. Plaintiff to submit all expert reports by not later than 11/28/2007.
 {¶ 9} "4. Defendant to submit all expert reports by not later than 12/12/2007.
 {¶ 10} "5. The latest date for filing dispositive motions, if any, is 1/31/2008. Responses due in accordance with Loc. R. 11(I). Reply briefs may not be filed without previous court approval.
 {¶ 11} "6. Trial scheduled for 4/07/2008 at 9:00 a.m.
 {¶ 12} "7. Trial order entered and issued."
 {¶ 13} Avon moved for summary judgment on January 11, 2008. Approximately one month later (on February 8), rather than respond to Avon's summary judgment motion (that was due by February 11), Penix moved to delay the trial court's ruling on the motion pursuant to Civ. R. 56(F).[2] To her motion, Penix attached a brief in support, an affidavit from her attorney, and a copy of Avon's answers to her discovery request. *Page 5 
 {¶ 14} In the affidavit, Penix's attorney averred that she "timely forwarded to defendant a request for discovery, which included a request for Stac[y] Green's personnel/employee file" and that it was "essential" for her to "receive this information as it contains information relevant and essential to the assertion of negligent hiring ***." Penix states in her brief to this court that she timely propounded interrogatories and request for production of documents on Avon on December 1, 2007.
 {¶ 15} In the brief attached to her motion to delay, Penix's attorney explained that she "just recently received her Answers to Discovery *** on February 7, 2008." But she pointed out to the court that "Plaintiff just received the discovery because Defendant's attorney stated he had not received the discovery request when it was originally propounded." She admitted "delay in electronic forwarding the discovery because the original computer on which the discovery was typed has since had all its information deleted and it had to be retyped by the secretary."
 {¶ 16} In Avon's answers to Penix's interrogatories regarding Green's employment file, Avon responded that it was "seeking to locate the file." Avon further stated that it would "supplement if it can be located." In her motion to delay, Penix claimed that she could not respond to Avon's summary judgment motion "without knowing certain essentials of Stacy Green's work history and criminal background." Thus, Penix requested the trial court to delay its ruling on the summary judgment motion until Avon found Green's personnel file. *Page 6 
 {¶ 17} On February 14, 2008, however, Avon responded to Penix's request to delay the ruling on the summary judgment motion. It informed the court that "defendant has complied with those discovery responses and is unable to locate plaintiff's employment file."
 {¶ 18} On March 10, 2008, the trial court denied Penix's request for delay. It stated:
 {¶ 19} "Plaintiff's Rule 56(F) motion to delay ruling on defendant's motion for summary judgment pending receipt of discovery, filed on 2/08/2008, is denied as the discovery deadline was 12/31/2007. Furthermore, defendant's 2/14/2008 brief in response reveals that the employment file sought by plaintiff cannot be found. Granting plaintiff additional discovery time, therefore, would not lead to additional evidence. ***"
 {¶ 20} The trial court then extended Penix's time to file a response to Avon's summary judgment motion until March 17, 2008.
 {¶ 21} On March 14, 2008, Penix filed a motion for extension of time to reply to Avon's summary judgment motion, a motion for reconsideration, a motion to show cause/motion to compel and a motion to allow plaintiff to depose Avon's representative.
 {¶ 22} On March 24, 2008, Penix also filed a motion for discovery sanctions for spoliation of evidence and motion for leave to amend the complaint for a claim of *Page 7 
spoliation of evidence. Notably, in the midst of all these motions, Penix never responded to or filed a brief in opposition to Avon's summary judgment motion.
 {¶ 23} On April 1, 2008, the trial court denied all of Penix's motions and granted summary judgment to Avon. It is from this judgment that Penix appeals, raising three assignments of error for our review:
 {¶ 24} "[1.] The trial court abused its discretion and committed a reversible and prejudicial error when it denied plaintiff's/appellant's [Civ. R.] 56(F) motion to delay ruling on defendant's motion for summary judgment pending receipt of discovery.
 {¶ 25} "[2.] The trial court abused its discretion and committed a reversible and prejudicial error when it denied plaintiff's/appellant's [Civ. R.] 37 motion for sanctions against the defendant/appellee for spoliation of evidence.
 {¶ 26} "[3.] The trial court abused its discretion and committed a reversible and prejudicial error when it failed to allow the plaintiff/appellant leave to amend her complaint to include the allegation of spoliation of evidence against the defendant/appellee."
 Civ. R. 56(F) {¶ 27} In her first assignment of error, Penix argues that the trial court abused its discretion when it denied her Civ. R. 56(F) motion to delay its ruling on Avon's summary judgment motion. She contends that she "did not affirmatively know that she was not going to receive Ms. Green's employment file until February 14, 2008 when counsel for Defendant/Appellee officially declared it `lost.'" Thus, she *Page 8 
maintains that the trial court should have afforded her an opportunity to conduct further discovery.
 {¶ 28} A Civ. R. 56(F) motion is, in effect, a motion to continue for further discovery. It provides:
 {¶ 29} "Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."
 {¶ 30} It is well established that a trial court enjoys considerable discretion in the regulation of discovery proceedings. State ex rel.Daggett v. Gessaman (1973), 34 Ohio St.2d 55; Clark Cty. Solid WasteMgt. Dist. v. Danis Clark Co. Landfill Co. (1996), 109 Ohio App.3d 19,38. Thus, we will not reverse the judgment of the trial court on a Civ. R. 56(F) ruling absent a showing of a clear abuse of discretion. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 31} The party seeking additional time to respond to a motion for summary judgment must present sufficient reasons that would justify the requested continuance. Wombold v. Barna (Dec. 11, 1998), 2d Dist. No. 17035. The party seeking additional time must do more than merely assert generally the need for *Page 9 
additional discovery. Id. There must be a factual basis stated and reasons given why the party cannot present facts essential to its opposition to the motion. Id.
 {¶ 32} For a court to grant a Civ. R. 56(F) motion, it "`must be convinced that there is a likelihood of discovering some such facts.'"Drake Constr. Co. v. Kemper House Mentor, Inc., 170 Ohio App.3d 19,2007-Ohio-120, _29, quoting Doriott v. MVHE, Inc., 2d Dist. No. 20040,2004-Ohio-867, _14. Further, "[l]ack of diligence in pursuing discovery by the party moving under Civ. R. 56(F) militates against grant of delay." Id.
 {¶ 33} After reviewing the record, we find no abuse of discretion on the part of the trial court. Penix complains that "this particular trial court" sets the deadlines and due dates in her cases. Penix points out, rather contentiously, that the trial court set a dispositive motion deadline of January 31, 2008 and trial court date "[t]hat is only five(5) weeks before the trial date of April 7, 2008!" (Emphasis by Penix.) But it has long been well established that a trial court has wide discretion in control of its own docket. Aydin Co. Exchange, Inc. v.Marting Realty (1997), 118 Ohio App.3d 274, 278, citing Hartt v.Munobe, 67 Ohio St.3d 3, 9, 1993-Ohio-177.
 {¶ 34} The record reflects that Penix refiled her case in April 2007, nearly four-and-one-half years (at the time the trial court denied her request) after Green allegedly assaulted her. At the CMC, which both parties are bound to follow under Loc. R. 21(E), the trial court set a discovery deadline of December 31, 2007. Penix claims she timely propounded interrogatories and request for production of *Page 10 
documents on Avon on December 1, 2007. While she is technically correct that her first request was made before the discovery cutoff, it was still eight months after she refiled the case in April — and only 30days before the discovery deadline. In addition, under Civ. R. 33(A)(3), a party has twenty-eight days after service of interrogatories to respond. Thus, Avon had until December 29, 2007 to respond, which was only two days before the discovery deadline.
 {¶ 35} As the trial court stated in a later entry (ruling on Penix's various other motions), "[t]he court's journal entry of 10/01/2007 set the discovery deadline for 12/31/2007. Prior to this deadline, no party filed a motion for extension of this deadline or a motion to compel. Plaintiff now seeks an additional time well beyond the discovery deadline and less than one month before trial. The motions are denied as untimely. ***"
 {¶ 36} In light of our limited standard of review, we cannot find that the trial court abused its discretion in this matter.
 {¶ 37} Penix's first assignment of error is overruled.
 Discovery Sanctions — Spoliation of Evidence {¶ 38} In her second assignment of error, Penix argues that the trial court erred when it denied her motion for sanctions for spoliation of evidence under Civ. R. 37. We review a denial of a motion for sanctions for the spoliation of evidence under an abuse of discretion standard. See Cincinnati Ins. Co. v. General Motors Corp. (Oct. 28, 1994), 6th Dist. No. 94OT017. *Page 11 
 {¶ 39} Initially, we emphasize that this assignment of error deals with a motion for sanctions for spoliation of evidence, i.e., a discovery sanction; it does not involve an independent tort action or claim for spoliation of evidence. Thus, Avon's reliance on case law dealing with the tort claim, focusing on Penix's failure to present evidence of Avon's "willful destruction" of the personnel file, is misplaced. See Smith v. Howard Johnson Co., Inc., 67 Ohio St.3d 28,1993-Ohio-229 (sets forth elements for tort claim of spoliation of evidence); see, also, Meluch v. O'Brien, 8th Dist. Nos. 89008 and 89626,2007-Ohio-6633 (applying Smith and addressing a claim for spoliation of evidence, not discovery sanctions). Accordingly, we must apply the law governing discovery sanctions for spoliation of evidence.
 {¶ 40} After extensive research on the subject of discoverysanctions for spoliation of evidence, however, we find very little authority from Ohio on the subject. Notably, the cases we did find are extremely fact specific, which is not surprising given the wide latitude a trial court enjoys in determining whether to impose discovery sanctions.
 {¶ 41} One commentator, in explaining the doctrine of spoliation of evidence, stated:
 {¶ 42} "The proof necessary to impose the sanction upon the party responsible for the destruction of the evidence depends on the circumstances under which the doctrine is being applied. The most remarkable aspect of the doctrine of spoliation of evidence is that it has been held to be: (1) a cause of action in tort (for either *Page 12 
intentional or negligent spoliation of evidence); (2) a defense to recovery; (3) an evidentiary inference or presumption; and (4) a discovery sanction. Furthermore, the doctrine of spoliation of evidence has been held in some jurisdictions to constitute a substantive rule of law, while other courts have held it to be a procedural evidentiary rule." Tucker, The Flexible Doctrine of Spoliation of Evidence: Cause of Action, Defense, Evidentiary Presumption, and Discovery Sanction (1995), 27 U.Tol. L.Rev. 67, 67.
 {¶ 43} Penix claims that courts can sanction parties for inadvertently or negligently spoliating evidence. There does seem to be some support for her contention. She cites to three cases: Simeone v. Girard City Bd.of Edn., 171 Ohio App.3d 633, 2007-Ohio-1775, discretionary appeal not allowed by 114 Ohio St.3d 1476, 2007-Ohio-3699; American States Ins. Co.v. Tokai-Seiki (1997), 94 Ohio Misc.2d 172; and Farley Metals, Inc. v.Barber Colman Co. (1994), 269 Ill. App.3d 104.[3]
 {¶ 44} Although we find the Eleventh District's decision inSimeone instructive on the doctrine of spoliation of evidence in the context of discovery sanctions, we find the case distinguishable from the instant case and unsupportive to Penix's *Page 13 
claim. In order to understand the Eleventh District's application of the doctrine of spoliation of evidence (discussed infra) inSimeone, it is imperative to understand the unique procedural history of the case.
 {¶ 45} In Simeone, thirteen students of Girard Intermediate School, their parents, and four teachers filed suit against eight individuals and corporations who were involved in the building of the Girard Intermediate School. The school was closed after health problems were reported by numerous students and staff. After the school's closure, plaintiffs filed suit against defendants, alleging various claims, including negligence, fraudulent non-disclosure, breach of contract, and products liability. Id. at _3.
 {¶ 46} Following suit, the plaintiffs timely served discovery requests upon defendants. Rather than respond, defendants moved the court to impose a Lone Pine order, [4] claiming that it would more effectively expedite the case. In response, plaintiffs filed a motion to compel discovery. The trial court denied plaintiffs' motion to compel and granted defendants' request for a Lone Pine order, requiring plaintiffs, inter alia, to provide sworn statements from experts that to a reasonable degree of medical probability the plaintiffs' illnesses could not have been caused but for that exposure of toxins in the school. Id. at _32-37. In response to the Lone Pine order, *Page 14 
plaintiffs moved the court to again compel discovery and reconsider. Plaintiffs submitted affidavits from their medical experts averring that they "could not meet the requirements of the `Lone Pine' Order without first receiving discovery from appellees." Id. at _7. The trial court denied plaintiffs' motions.
 {¶ 47} Subsequently, defendants moved to dismiss the case under Civ. R. 41(B) for failure to comply with the Lone Pine order and plaintiffs again moved for reconsideration and for sanctions due to spoliation of evidence. Id. at _8. The trial court denied plaintiffs' motions and granted defendants' motion, dismissing the case outright.
 {¶ 48} The Eleventh District found "that the issuance of the `Lone Pine' order at the stage in the proceedings where there had yet to beany meaningful discovery, followed by the dismissal of the case with prejudice for failure to comply with the order, was an abuse of discretion in this case." (Emphasis added.) Id. at _42. It reasoned that plaintiffs timely responded to defendants' discovery requests, but emphasized that "[t]he most disturbing factor in this case is that the record before us indicates there was no discovery provided by the [defendants] at any time period during the pendency of the case." Id. Moreover, the Eleventh District pointed out that plaintiffs had filed a motion to compel discovery, which had been denied by the trial court. Id.
 {¶ 49} Regarding the plaintiffs' motion for discovery sanctions for spoliation of evidence, the Eleventh District stated: *Page 15 
 {¶ 50} "[A]ppellants allege that on June 1, 2001, before litigation commenced and shortly after the closure of the school, the plaintiffs' counsel sent correspondence to [defendants] specifically cautioning them to preserve the evidence. [Plaintiffs] claim that [defendants] did not provide any of this evidence for their inspection either before or after the commencement of this suit. [Defendants] never denied this allegation, nor did they respond to [plaintiffs'] motion for spoliation sanctions. Instead, [defendants] responded with a motion to dismiss. The court adopted [defendants'] proposed judgment entry which granted the motion to dismiss for not complying with the Lone Pine Order and further found the motion for reconsideration `not well taken.'" Id. at _67. The Eleventh District found plaintiffs' arguments had merit and explained the law on discovery sanctions for spoliation of evidence as follows:
 {¶ 51} "If the court finds that relevant evidence was, indeed, destroyed, then the court has the power to fashion a just remedy. [American States, supra, at 175]. (Citations omitted.)
 {¶ 52} "Even if the court finds the evidence was not deliberately destroyed, `negligent or inadvertent destruction of evidence is sufficient to trigger sanctions where the opposing party is disadvantaged by the loss.' Id. at 176, citing [Farley, supra]. The intent of the spoliator in destroying or altering evidence can be inferred from the surrounding circumstances. In other words, intent can be inferred from the fact that the evidence was destroyed prior to the commencement of any litigation *Page 16 
against the defendant and where there is only a potential for litigation. Therefore, the spoliator is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action.' Cincinnati, at 9 ***.
 {¶ 53} "Furthermore, `where the loss of evidence is belated, a court should not dwell on intent but, rather, focus on the importance of information legitimately sought and which is unavailable as a result of the destruction of evidence.' [American States] at 176.
 {¶ 54} "The court must balance `the intent of the offending party, the level of prejudice, and the reasonableness of the offending party's action in fashioning a just remedy. The relative importance of the information denied the opposing party bears directly on the reasonableness of the offending party's action and the resulting prejudice.' Id.
 {¶ 55} "If the court does find that spoliation of evidence did occur because the offending party failed to preserve the evidence, then `the court must impose a sanction that is proportionate to the seriousness of the infraction under the facts of this particular case.' Id."Simeone at _70-74.
 {¶ 56} The Eleventh District concluded that the trial court abused its discretion in denying plaintiffs' motion for sanctions "since it [was] not clear from the judgment entry whether the court properly considered the motion or whether the evidence was destroyed." Id. at _75. The Eleventh District stated again that it found it "especially troublesome" that the "appellees [had] not responded to any of discovery and [had] *Page 17 
not denied this allegation." Id. It remanded the case and instructed the trial court to hold a hearing "to determine if indeed evidence was destroyed and if so, what sanctions [were] warranted." Id.
 {¶ 57} Although we agree with the Eleventh District's application of the doctrine of spoliation of evidence to the facts of Simeone, we decline to extend the doctrine to the facts of this case.[5] As we stated, imposing discovery sanctions for spoliation of evidence is fact-dependent.
 {¶ 58} Here, it was Penix — the plaintiff — who was not diligent in the discovery process (unlike Simeone where it was the defendants). Penix claims that Avon had a duty to preserve the evidence because the suit had been pending since September 2005. The record reveals, however, that is simply not the case. Penix voluntarily dismissed her case in April 2006 and did not refile it until April 2007. Green quit in May 2006, after Penix dismissed her case and eleven months before she refiled it. There is no indication that Penix ever notified Avon that she planned to *Page 18 
refile her case (as the plaintiffs in Simeone had done by sending a letter to defendants telling them to preserve the evidence).
 {¶ 59} Moreover, as the trial court here pointed out, Penix never filed a motion to compel discovery prior to the discovery deadline — unlike the plaintiffs in Simeone. The trial court denied Penix's motion for sanctions after she discovered belatedly that Green's employment file was missing. There were several other ways Penix could have obtained the necessary information prior to the deadlines to at least survive summary judgment .
 {¶ 60} Accordingly, we find no abuse of discretion under the facts of this case, and Penix's second assignment of error is overruled.
 Amending Complaint {¶ 61} In her third assignment of error, Penix argues that the trial court abused its discretion by denying her motion to amend her complaint to add a spoliation of evidence claim. Once again, our standard of review is abuse-of-discretion. Brown v. First Energy Corp.,159 Ohio App.3d 696, 2005-Ohio-712, _5. And we find none under the facts of this case.
 {¶ 62} Civ. R. 15(A) provides in pertinent part as follows:
 {¶ 63} "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served[.] *** Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires." *Page 19 
 {¶ 64} A plaintiff's motion to amend, however, must be made in a timely manner. Brown at _6, citing Johnson v. Norman Malone Assoc,Inc. (Dec. 20, 1989), 9th Dist. No. 14142; see, also, Peterson v.Teodosio (1973), 34 Ohio St.2d 161, 175.
 {¶ 65} The trial court extended Penix's time to respond to Avon's summary judgment motion to March 17, 2008. Penix never responded to Avon's motion. Instead, on March 24, 2008, knowing every deadline set by the trial court, including a trial date scheduled on April 7, 2008, Penix filed a litany of other motions, including leave to amend her complaint. In light of these facts, as well as our discussion of the first assignment of error, we simply cannot find that the trial court's attitude was unreasonable, arbitrary, or unconscionable under the facts of this case.
 {¶ 66} Penix's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, P.J., and LARRY A. JONES, J., CONCUR
[1] Penix originally filed suit against Avon and Green on September 5, 2005. Penix voluntarily dismissed her original action on April 18, 2006. Green was dismissed from the refiled case on November 14, 2007.
[2] Civ. R. 56(F) set forth infra.
[3] We note that the Simeone court relied upon American States (a common pleas court case out of Miami County, Ohio) and Farley (an Illinois appellate court case). In American States, the Miami County Court of Common Pleas also relied on Farley in its decision. The other case the Simone court relied upon (for the proposition that parties can be sanctioned for negligent spoliation), was Cincinnati, supra. TheCincinnati court relied upon cases from Massachusetts, New Jersey, and Illinois. See id.
[4] A Lone Pine order "is a type of pre-discovery case management order that certain courts have used to manage toxic tort litigation."Simeone at fn. 2. For a thorough review and explanation of Lone Pine orders, see the Eleventh District's discussion of them inSimeone at _25-59.
[5] Avon argues that the doctrine of spoliation of evidence only applies in product liability actions. Indeed, most of our independent research revealed the doctrine is typically raised in product liability actions (and not necessarily in the context of a discovery sanction); although we decline to go as far as to say it is only applied in product liability actions. And in many instances, it was the plaintiff, not the defendant, who had either inadvertently or intentionally destroyed the product, leaving the defendant-manufacturer unable to examine and inspect the product itself. See Cincinnati; American States, supra;Transamerica Ins. Group v. Maytag (1994), 99 Ohio App.3d 203;Philomena v. General Motors Corp. (1991), 772 F.Supp. 358 (held under facts of the case, it would not give the jury a "spoliation charge");Farley, supra; and Travelers Ins. Co. v. Dayton Power and Light Co.
(1976), 76 Ohio Misc.2d 17. *Page 1