[Cite as *Besman v. Stafford*, 2021-Ohio-3927.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

SHERRI H. BESMAN,                                 :

    Plaintiff-Appellee,                        :

                                  No. 110256

    v.                                                    :

JOSEPH G. STAFFORD, ET AL.,              :

    Defendants-Appellants.                   :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** November 4, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-915969-A

---

***Appearances:***

Cohen, Rosenthal & Kramer, L.L.P., Joshua R. Cohen, and
Ellen M. Kramer, *for appellee*.

Calfee, Halter & Griswold L.L.P., Mitchell G. Blair, and
Anthony F. Stringer, *for appellants*, Joseph G. Stafford
and Stafford Law Co., L.P.A.

ANITA LASTER MAYS, P.J.:

{¶ 1} Defendants-appellants Joseph Stafford and Nicole Cruz
("appellants") appeal the trial court's decision to grant plaintiff-appellee Sherri
Besman's ("Besman") motion to compel forensic imaging of the appellants'

computer.  We reverse the trial court's decision, and remand for further proceedings consistent with this opinion.

## I.    Facts and Procedural History

{¶ 2}    The appellants represented Besman in several legal proceedings against her former spouse from June 2014 through January 2019, including divorce, domestic violence, and appellate proceedings.   Besman's divorce agreement provided for two cash payments to Besman as property division payment and an award for Besman's attorney fees from Besman's ex-husband.  The trial court agreed to the divorce agreement, including the award of attorney fees, and found the amount fair, just, and equitable.

{¶ 3}    Besman's ex-husband complied with the divorce settlement agreement and paid the attorney fees directly to the appellants to satisfy Besman's bill.   After the divorce settlement and payment, the appellants continued representing Besman and performing legal services for her, but did not collect additional fees from her.

{¶ 4}    On November 30, 2018, the appellants sent a letter to Besman, asking her if she wanted her legal file.  Besman responded on December 3, 2018, stating that she did not wish to keep the file except for the documents needed for her current appeal.  On February 21, 2019, Besman informed appellants that she had retained different counsel to represent her and requested that the remainder of her legal file be delivered to her.  In March 2019, Besman arrived at the appellants' office and retrieved her client file, and executed three receipts of acknowledgments on three

separate occasions. Besman signed the acknowledgments stating that she received the entire case file and documents, including 90 bankers' boxes, one bag of dangerous items, and boxes of poster boards.

{¶ 5} The appellants maintain that Besman's billing records for her divorce proceedings were included in the legal file that she retrieved from their office. The appellants also maintain that they did not keep electronic records of Besman's billing records or file, purging them after her legal bill was paid in full.

{¶ 6} On March 28, 2019, Besman filed a claim against the appellants arguing that the appellants charged Besman an excessive fee for their services. On June 5, 2019, Besman submitted a discovery request, and on July 26, 2019, the appellants responded, stating that the requested materials were included in the materials she retrieved from their office. As a result, the appellants requested access to the file in Besman's possession and were informed that 53 of the 90 boxes had been destroyed by Besman.

{¶ 7} Besman then filed a motion for leave to amend her complaint to add a claim of spoliation of evidence against the appellants. The appellants responded by filing a motion for sanctions against Besman and her new attorneys. The trial court granted Besman's motion and denied the appellants' motion. Besman filed her complaint, and the appellants filed their answer, in which they argued that Besman's billing records were included in the file that Besman retrieved from their office in March 2019.

{¶ 8} On October 3, 2020, Besman filed a motion to compel discovery, requesting that the trial court permit forensic imaging of the appellants' computer. Appellants filed their brief in opposition to the motion to compel, arguing privacy concerns with Besman's request. On January 12, 2021, the trial court granted Besman's motion to compel and ordered the appellants to provide a proposed electronically stored information ("ESI") agreement for review by February 6, 2021. Judgment entry No. 115692665 (Jan. 12, 2021). The appellants filed a motion to reconsider on January 27, 2021, which the trial court held in abeyance, and then filed this appeal the next day, assigning one error for our review:

> The trial court erred by ordering forensic imaging of appellants' computer, which contains privileged and confidential information.

## II. Interlocutory Appeal of a Motion to Compel Discovery

### A. Standard of Review

{¶ 9} "A trial court's discovery orders are generally interlocutory and, thus, not immediately appealable." *Burton Carol Mgt., LLC v. Ziegler*, 11th Dist. Lake No. 2015-L-070, 2015-Ohio-3552, ¶ 17, citing *Walters v. Enrichment Ctr. of Wishing Well, Inc.*, 78 Ohio St.3d 118, 121, 676 N.E.2d 890 (1997). "[T]he trial court's order compelling discovery was a final appealable order as far as it compelled the production of privileged material." *N.E. Monarch Constr., Inc. v. Morganti Ent.*, 8th Dist. Cuyahoga No. 109845, 2021-Ohio-2438, ¶ 10, citing *Burnham v. Cleveland Clinic*, 151 Ohio St.3d 356, 2016-Ohio-8000, 89 N.E.3d 536, ¶ 21 ("Any order compelling the production of privileged or protected materials certainly

satisfies R.C. 2505.02(B)(4)(a) because it would be impossible to later obtain a judgment denying the motion to compel disclosure if the party has already disclosed the materials."). *Id.*

{¶ 10} We review an order to produce documents for an abuse of discretion. *Allied Debt Collection of Virginia, L.L.C. v. Nautica Entertainment, L.L.C.*, 2019-Ohio-4055, 146 N.E.3d 1222, ¶ 26 (8th Dist.). "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

### B. Law and Analysis

{¶ 11} The appellants argue that the trial court erred in failing to apply the test outlined in *Bennett v. Martin*, 186 Ohio App.3d 412, 2009-Ohio-6195, 928 N.E.2d 763 (10th Dist.), known as the *Bennett* test, when considering Besman's motion to compel. Specifically, the appellants argue that their computer contains privileged and confidential information, and the trial court granted Besman's motion, permitting forensic imaging of the appellants' computer in error.

{¶ 12} "A forensic image, also known as a 'mirror image,' will "'replicate bit for bit, sector for sector'" all allocated and unallocated space on a computer's hard drive, including any embedded, residual, and deleted data." *Allied Debt* at ¶ 27, quoting *Bennett* at ¶ 40. "Generally, courts are reluctant to compel forensic imaging, largely due to the risk that the imaging will improperly expose privileged and confidential material contained on the hard drive." *Bennett* at *id.* "This court has

adopted the *Bennett* two-part test utilized by the Tenth District Court of Appeals in *Fasteners for Retail, Inc. v. Dejohn*, 8th Dist. Cuyahoga No. 100333, 2014-Ohio-1729, ¶ 21." *Allied Debt* at ¶ 28.

{¶ 13} As stated in *Bennett*, a court must weigh "the significant privacy and confidentiality concerns" inherent in imaging against the utility or necessity of the imaging before compelling forensic imaging. *Bennett* at ¶ 41. A court must "preserve any private and privileged information." *Id.* at ¶ 47. In determining whether forensic imaging is necessary, the trial court must consider whether the appellants withheld Besman's billing record, whether the appellants are unable or unwilling to search for the billing records, and to what extent have the appellants complied with the discovery requests. *Id.* at ¶ 41.

{¶ 14} "When a requesting party demonstrates either discrepancies in a response to a discovery request or the responding party's failure to produce requested information, the scales tip in favor of compelling forensic imaging." *Id.* The appellants continue to maintain that Besman's billing records were provided to her in the legal file she obtained from their office in March 2019, and that the billing records are not electronically stored. However, Besman disagrees with the appellants, pointing out that the appellants have changed their responses. In their March 23, 2020 supplemental interrogatory response, the appellants responded that they maintained Besman's billing materials in paper form and electronically. However, later, in the appellants' brief in opposition to Besman's motion to compel,

they stated that there was no evidence that Besman's billing statements ever existed in electronic format.

{¶ 15} The facts in this instant case are dissimilar from the facts in *Bennett*. In *Bennett*, the appellants "repeatedly represented that they had disclosed all responsive documents, when, in fact, they had not." *Id.* at ¶ 42. The court found that "such obfuscation displays a willful disregard of the discovery rules and the trial court's orders." *Id.* Additionally, the appellants' "last-minute discovery of certain responsive documents indicates that when not outright defying the trial court's orders, defendants adopted a lackadaisical and dilatory approach to providing discovery." *Id.* However, Besman has not demonstrated and the record does not reflect that the appellants, like in *Bennett*, have willfully withheld discovery.

{¶ 16} In *Fasteners*, 8th Dist. Cuyahoga No. 100333, 2014-Ohio-1729, the appellants appealed "from the trial court's order compelling them to produce their computer hard drives for forensic imaging * * *." *Id.* at ¶ 1. Similarly, to the facts in this case, the record did not "demonstrate the requisite showing of defendants' noncompliance with discovery as mandated under the first portion of the *Bennett* procedure." *Id.* at ¶ 28. The court determined that the trial court abuses its discretion "by permitting forensic imaging of electronic devices without first requiring the requesting party to show that there had been a background of noncompliance with discovery." *Id.* at ¶ 27, citing *Scott Process Sys. v. Mitchell*, 5th Dist. Stark No. 2012CA00021, 2012-Ohio-5971, ¶ 38.

{¶ 17} The appellants clarified their seemingly contradictory responses and stated that although Besman's billing materials *were* maintained in paper form and electronically during their representation of Besman, they purged Besman's billing materials after they received Besman's fee on or about May 30, 2018. (Emphasis added.) They further state that the paper form of Besman's billing materials were returned to her in the 90 bankers' boxes she retrieved from their office in March 2019. Additionally, the record demonstrates that the appellants availed themselves to depositions and responded to every discovery request.

{¶ 18} The appellants also argued that the trial court also failed to consider the appellants' claims of privilege and confidentiality. "Generally, courts are reluctant to compel forensic imaging, largely due to the risk that the imaging will improperly expose privileged and confidential material contained on the hard drive." *Bennett*, at ¶ 40. "[B]efore compelling forensic imaging, a court must weigh 'the significant privacy and confidentiality concerns' inherent in imaging against the utility or necessity of the imaging." *Id.* at ¶ 41, quoting *John B. v. Goetz*, 531 F.3d 448, 460 (6th Cir. 2008); *Covad Communications Co. v. Revonet, Inc.*, 258 F.R.D. 5, 11 (D.D.C.2009). We determine that the record does not reflect that the trial court weighed the privacy and confidentiality concerns that forensic imaging would cause.

{¶ 19} The appellants also argues that the trial court erred in failing to consider Besman's alleged or possible spoliation of the evidence, specifically 53 of

the 90 boxes the appellants returned to Besman, when ruling on the motion to compel electronic discovery.

> To establish a claim for spoliation of evidence, a plaintiff must prove the following: (1) pending or probable litigation involving the plaintiff, (2) that the defendant knew that litigation exists or is probable, (3) willful destruction of evidence by the defendant designed to disrupt the plaintiff's case, (4) actual disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's actions. *Elliott-Thomas v. Smith*, Slip Opinion No. 2018-Ohio-1783, ¶ 10, citing *Smith v. Howard Johnson Co.*, 67 Ohio St.3d 28, 29, 615 N.E.2d 1037 (1993).

*Scheel v. Rock Ohio Caesars Cleveland, L.L.C.*, 2018-Ohio-3568, 108 N.E.3d 1252, ¶ 62 (8th Dist.).

{¶ 20} "We review a denial of a motion for sanctions for the spoliation of evidence under an abuse of discretion standard." *Penix v. Avon Laundry & Dry Cleaners*, 8th Dist. Cuyahoga No. 91355, 2009-Ohio-1362, ¶ 38, citing *Cincinnati Ins. Co. v. Gen. Motors Corp.*, 6th Dist. Ottawa No. 94OT017, 1994 Ohio App. LEXIS 4960 (Oct. 28, 1994). "If the court finds that relevant evidence was, indeed, destroyed, then the court has the power to fashion a just remedy." *Simeone v. Girard City Bd. of Edn.*, 171 Ohio App.3d 633, 2007-Ohio-1775, 872 N.E.2d 344, ¶ 70 (11th Dist.), citing *Am. States Ins. Co. v. Tokai-Seiki*, 94 Ohio Misc.2d 172, 175, 704 N.E.2d 1280 (1997).

{¶ 21} In the instant matter, Besman filed a motion for leave to file an amended complaint adding the issue of spoliation. The appellants then filed a motion for sanctions. The trial court denied the appellants' motion. Further review

of the record reflects that the trial court, like the trial court in *Simeone*, denied appellants' motion for sanctions without a hearing. In *Simeone*, "[t]he Eleventh District concluded that the trial court abused its discretion in denying plaintiffs' motion for sanctions 'since it [was] not clear from the judgment entry whether the court properly considered the motion or whether the evidence was destroyed.'" *Penix* at ¶ 56, citing *Simeone* at ¶ 75.

{¶ 22} We determine that the trial court in this instant case did not demonstrate in its judgment entry whether it properly considered appellants' motion. Like the court in *Simeone*, we find appellants' issue has merit, and therefore, determine that the trial court shall hold a hearing on the motion for spoliation. *Id.* at ¶68.

{¶ 23} Our decision rests on whether the trial court abused its discretion in granting Besman's motion to compel. In its judgment entry, the trial court did not demonstrate that it applied the *Bennett* test. It is not clear from the trial court's judgment entry granting Besman's motion to compel discovery that the trial court determined whether the appellants withheld Besman's billing record, whether the appellants were unable or unwilling to search for the billing records, and to what extent have the appellants complied with the discovery requests. The spoliation issue will also help to resolve some of these discovery concerns.

{¶ 24} The trial court also did not provide a plan to ensure that privileged and private information would be protected. Instead, the trial court ordered the

appellants to provide a proposed ESI agreement for review. "[W]here courts do compel forensic imaging, courts must utilize a protective protocol 'to ensure that the forensic imaging is not unduly intrusive,' which protocol serves to protect the defendant's confidential, private, and privileged information." *Allied Debt*, 2019-Ohio-4055, 146 N.E.3d 1222, at ¶ 45, citing *Nithiananthan v. Toirac*, 12th Dist. Warren No. CA2011-09-098, 2012-Ohio-431, at ¶ 19, 20. The trial court must demonstrate that they have complied with the *Bennett* test before rendering its decision. We have determined that the trial court has not done so. In determining, at this time, that the granting of the motion to compel was premature when ordering forensic imaging we note that it may be an option in the future.

{¶ 25} Therefore, because the trial court has not demonstrated that it followed the *Bennett* test in reaching its decision, we find that the trial court abused its discretion in granting Besman's motion to compel discovery and compel forensic imaging of the appellants' computer. Appellants' sole assignment of error is sustained.

{¶ 26} Judgment reversed and remanded.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

LARRY A. JONES, SR., J.,* and
MARY EILEEN KILBANE, J., CONCUR

* Judge Larry A. Jones, Sr., concurred in this Journal Entry and Opinion prior to his death on October 7, 2021.

(The Ohio Constitution requires the concurrence of at least two judges when rendering a decision of a court of appeals. Therefore, this announcement of decision is in compliance with constitutional requirements. *See State v. Pembaur*, 69 Ohio St.2d 110, 430 N.E.2d 1331 (1982).)